The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of Findings of Fact 7 and 8 and the deletion of Finding of Fact 9.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing and in the Pre-Trial Agreement filed on July 19, 1994, as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties at all relevant times.
2. Defendant was a duly qualified self-insured, with Key Risk Management Services as the servicing agency on the risk.
3. On May 2, 1991, plaintiff's average weekly wage was $224.00, which yields a compensation rate of $149.33.
4. The parties stipulated the following documents into evidence at the hearing:
 a. Three pages of medical reports from Mercy South Hospital;
 b. Twenty-seven pages of medical records of Dr. Anthony Wheeler; and
 c. The Industrial Commission Form 19, completed on May 2, 1991.
5. The issues for determination are whether plaintiff sustained a compensable injury to his left wrist on May 2, 1991, and if so, the compensable consequences.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner with minor modifications and finds as follows:
FINDINGS OF FACT
1. On May 2, 1991, plaintiff was employed as a cleaning line helper with defendant-employer, which manufactures safety devices for school buses. The plaintiff was unloading parts from a cleaning tank, using a mechanical hoist to lift the rack of parts which weighed approximately 300 pounds.
2. As the plaintiff attempted to lower the rack, it struck the hoist and fell, striking plaintiff on the left arm or wrist.
3. The plaintiff reported this injury to his supervisor, Myra Hancock, who prepared a Form 19 report of the injury.
4. The plaintiff was referred to Mercy South Hospital emergency room, where he reported pain in his lower left arm between the elbow and wrist after being struck by the 300-pound rack. An examination disclosed minimal swelling and no broken skin. X-rays revealed no osseous or articular abnormalities. The plaintiff was diagnosed with a contusion and was advised to limit use of his left hand and to limit weight lifting to 5-15 pounds for three days. Plaintiff was authorized to return to modified work the following day, May 3, 1991.
5. Plaintiff returned to work on Monday, May 6, 1991 and continued working until June 18, 1991.
6. On June 18, 1991, plaintiff sustained an unrelated injury by accident (Industrial Commission Docket Number 146238) when he received an electrical shock. As a result of the shock, plaintiff received treatment from neurologist Dr. Anthony Wheeler for headaches. Dr. Wheeler's records do not indicate that plaintiff ever complained of left arm problems during the treatment of plaintiff from July 5, 1991, through December 4, 1992.
7. At the time of the initial hearing in this matter on July 19, 1994, plaintiff complained of swelling in his left wrist, that he was unable to make a fist, and that he experienced pain if he attempted to lift over ten pounds.
8. There is insufficient medical evidence of record to prove by its greater weight that plaintiff sustained an injury other than a contusion as a result of the incident which occurred on May 2, 1991, or that the problems he was experiencing with his left wrist at the time of the hearing were causally related to the May 2, 1991, incident.
* * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment on May 2, 1991 when he was hit in the left arm by a falling rack of parts. N.C. GEN. STAT. § 97-2 (6).
2. No compensation shall be allowed for the first seven calendar days of disability resulting from an injury, except the benefits provided for in G.S. § 97-25. N.C. GEN. STAT. § 97-28. The plaintiff was not out of work for the requisite number of days and is, therefore, not entitled to temporary total disability compensation.
3. The plaintiff is entitled to have defendant pay for the emergency room visit and treatment at Mercy South Hospital on May 2, 1991.
4. The plaintiff has failed to carry the burden of proving that the problems he was experiencing in his left wrist were causally related to the May 2, 1991 contusion. For an injury to be compensable under the terms of the Workers' Compensation Act, it must be proximately caused by an accident arising out of and in the course of the employment. In the absence of any expert medical opinion as to the causation of the wrist problems, this condition cannot be compensable. Click v. Freight Carriers,_300 N.C. 164, 265 S.E.2d 289 (1980).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Defendant shall provide compensation only for the May 2, 1991 emergency room treatment at Mercy South Hospital.
3. Each side shall pay its own costs.
* * * * * * * * * * *
 S/ _________________ LAURA K. MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________ KIM CRAMER DEPUTY COMMISSIONER
LKM:bjp